from the jury by peremptorily instructing them as to their verdict. As to whether in any given case the evidence is sufficient to raise an issue of fact, the appellate court will look only to the evidence in behalf of appellant. If such evidence is true, as the jury might have so found, and the evidence contradicting is not true, as the jury might have so found, and such evidence would have sustained a verdict in favor of appellants, it is the duty of the court to submit the issue to the jury.

[3] The evidence on behalf of appellants in this case is that they had a contract with the South Bosque Petroleum Company for the purchase of this land for $57,500, less 5 per cent. thereof. Appellees, in effect, contend that, even if this is true, the contract ceased to be of any force for the reason that it was put in the hands of a bank, in escrow, and not to become effective until the sum of $5,750 was paid, and that the sum was to be paid on or before July 21, 1920; and that the money was not paid on or before that date, consequently the contract ceased to be of any force. One of the appellants testified that there was no agreement that this $5,750 was to be paid on or before July 21, 1920, and that he could and would have paid it on that date, or within a few days thereafter, from the money which he would have obtained from Bellrose, but for the interference of Keahay, the representative of the petroleum company.

This testimony is sufficient to raise the issue of fact for the jury as to whether appellants had a contract for the purchase of the land. Appellees say that appellants ought not to recover, for, even if they had such a contract they were not able to carry it into effect, either by paying the $5,750 or the additional amount making the total of $57,500. One of the appellants testified that he could have raised the money to make this payment, independent of the sale to Bellrose; and the testimony clearly shows that, if the sale had been made to Bellrose, appellants could and would have been able to comply with their alleged contract to purchase. There were 518 acres of this land not included in the sale to Bellrose, the title to which appellants seek to recover in this cause. Even if appellants had not been able to consummate the sale to Bellrose, if they could have paid for the land according to the contract, they would have had a profit in the transaction, under the testimony in behalf of appellants, which shows that the market value of the property at that time was from $100,000 to $125,000.

For the reason that the court erred in peremptorily instructing the jury to return a verdict in behalf of appellees, this cause is reversed and remanded for a new trial.

Reversed and remanded.

## MEMORANDUM DECISIONS

---

GRAHAM v. STATE. (No. 6955.) (Court of Criminal Appeals of Texas. May 10, 1922.) Appeal from District Court, McLennan County; Richard I. Munroe, Judge. J. D. Graham was convicted of theft, and he appeals. Appeal dismissed. R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. The conviction is for the offense of theft; punishment fixed at confinement in the penitentiary for a period of four years. Upon the request of the appellant, duly verified by his affidavit, the appeal is dismissed.

---

GRAHAM v. STATE. (No. 6956.) (Court of Criminal Appeals of Texas. May 10, 1922.) Appeal from District Court, McLennan County; Richard I. Munroe, Judge. J. D. Graham was convicted of theft of property over the value of $50, and he appeals. Appeal dismissed. R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the district court of McLennan county of theft of property over the value of $50, and his punishment fixed at four years in the penitentiary. We find on file herein an affidavit in due form executed by appellant asking leave to withdraw this appeal. The request is granted, and the appeal will be dismissed.

---

HALL v. STATE. (No. 6977.) (Court of Criminal Appeals of Texas. May 17, 1922.) Appeal from Criminal District Court, Tarrant County; George E. Hosey, Judge. Dee Hall was convicted of murder, and he appeals. Affirmed. R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. The appeal is from a judgment condemning appellant to confinement in the penitentiary for a period of 25 years for the offense of murder. The indictment is regular and duly presented. No statement of the evidence accompanies the record, nor are there any bills of exceptions complaining of the manner of trial. The motion for new trial raises no question of fact. The entire record is bare of any matter that would warrant a reversal of the judgment. It is therefore affirmed.

---

JACKSON v. STATE. (No. 6964.) (Court of Criminal Appeals of Texas. May 10, 1922.) Appeal from District Court, Falls County; Prentice Oltorf, Judge. R. B. Jackson was convicted of burglary, and he appeals. Affirmed. R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. The conviction is for burglary; punishment fixed at confinement in the penitentiary for a period of two years. The indictment appears regular. There is in the record neither statement of facts nor bill of exceptions complaining of the ruling of the trial court. No fundamental error is discovered. The judgment is therefore affirmed.